IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. |
| | ) | |
| TODD A. HARDISON, SUE E. HARDISON, | ) | |
| CAMDEN NATIONAL BANK, | ) | |
| TOWN OF SURRY, MAINE, and | ) | |
| STATE OF MAINE, MAINE REVENUE | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

## UNITED STATES OF AMERICA'S COMPLAINT

The United States of America, pursuant to 26 U.S.C. §§ 7401 and 7403, at the direction of the Attorney General of the United States and with the authorization of a delegate of the Secretary of the Treasury, brings this civil action to collect unpaid federal tax liabilities from the defendants Todd A. Hardison and Sue E. Hardison (the "Taxpayers"), to determine the dischargeability of such debts, and to enforce federal tax liens of the United States upon certain real property belonging to the Taxpayers.

## Jurisdiction, Venue, Parties, and Property

1.     Jurisdiction is conferred upon the district court pursuant to 26 U.S.C. §§ 7402 and 7403 and 28 U.S.C. §§ 1331, 1340 and 1345.

2.     The Taxpayers reside in Surry, Massachusetts, within the jurisdiction of this Court.

3.     Camden National Bank is made a defendant to this action pursuant to 26 U.S.C. § 7403, as it may claim an interest in the property upon which the United States seeks to enforce its liens.

4.      The Town of Surry, Maine, is made a defendant to this action pursuant to 26 U.S.C. § 7403, as it may claim an interest in the property upon which the United States seeks to enforce its liens.

5.      The State of Maine, Maine Revenue Services, is made a defendant to this action pursuant to 26 U.S.C. § 7403, as it may claim an interest in the property upon which the United States seeks to enforce its liens.

6.      The real property that is the subject matter of is located at: 324 Toddy Pond Road, Surry, Maine (the "Property").  The Property was transferred to the Taxpayers, as joint tenants, by a quitclaim deed, dated September 30, 1994, from J. Stephen Saunders, and is legally described as follows:

> A certain lot or parcel of land, together with all buildings thereon, situated in Surry, County of Hancock, State of Maine, bounded and described as follows, to wit: Beginning at an iron stake on the south side of the road leading from Surry Village to Toddy Pond, said stake marking the Northwest corner of land of Blaisdell; thence in a general Southwesterly direction, but always following the Westerly line of Blaisdell, four hundred thirty-five feet (435'), more or less, to a point marked by an iron pipe driven in the ground for a corner; thence in a general westerly direction one hundred fifty feet (150') to a point marked by an iron pipe driven in the ground for a corner; thence in a general Northwesterly direction four hundred thirty-five feet (435') to a point on the South side of said road marked by a cement post set in the ground; thence in a generally Easterly direction along said road to the place of beginning, three hundred feet (300').

Deed Reference: Hancock County Registry of Deeds at Book 2318, Page 46.

## COUNT I
### To reduce unpaid federal tax liabilities to judgment.

7.    The allegations of paragraphs 1 through 2, above, are re-alleged and incorporated by reference in this count.

8.    On the following dates, a delegate of the Secretary of the Treasury made assessments against the Taxpayers for unpaid income taxes, penalties, and interest for the following joint income tax years, in the following amounts, which have balances due with accruals and costs as of April 30, 2014, as follows:

| Tax Period Ended | Assessment Dates | Assessment Type | Assessment Amounts | Balance Due as of April 30, 2014 |
|---|---|---|---|---|
| 12/31/2006 | 03/01/2010<br>03/01/2010<br><br>03/01/2010<br><br>03/01/2010<br>03/01/2010 | Tax<br>Failure to Pay Tax Penalty<br>Estimated Tax Penalty<br>Late Filing Penalty<br>Interest | $    4,918.00<br><br>$       633.15<br><br>$       233.00<br>$       814.05<br>$       762.43 | $           5,461.90 |
| 12/31/2007 | 02/22/2010<br>02/22/2010<br><br>02/22/2010<br>02/22/2010 | Tax<br>Failure to Pay Tax Penalty<br>Late Filing Penalty<br>Interest | $    4,183.00<br><br>$       481.04<br>$       941.17<br>$       445.60 | $           1,670.91 |
| 12/31/2008 | 02/15/2010<br>02/15/2010<br><br>02/15/2010<br>02/15/2010 | Tax<br>Failure to Pay Tax Penalty<br>Late Filing Penalty<br>Interest | $   11,766.00<br><br>$       528.30<br>$    2,377.35<br>$       441.38 | $         18,185.12 |
| 12/31/2009 | 04/12/2010<br>04/12/2010 | Tax<br>Estimated Tax Penalty | $   12,461.00<br><br>$       279.00 | $         16,629.14 |
| Total | | | | $         41,947.07 |

3

9.     On the date of each tax assessment, a delegate of the Secretary of the Treasury of the United States properly issued notice of assessments described in paragraph 8, above, to the Taxpayers, and made demand for payment upon, the Taxpayers.

10.     Despite such notice and demand, the Taxpayers have failed, neglected, or refused to pay the federal income tax liabilities set forth above in full, and, after the application of all abatements, payments, and credits, the Taxpayers remain liable, jointly and severally, to the United States for the unpaid balance of their 2006, 2007, 2008 and 2008 federal income tax liabilities in the amount of  $41,947.07, plus statutory additions from and after April 30, 2014, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

**COUNT II**
**Taxpayers' debts for 2006-2009 Income Tax Years were**
**Not Discharged by the Bankruptcy Court.**

11.     The allegations in paragraphs 1 and 2, and 8 through 10, above, are re-alleged and incorporated by reference in this count.

12.     The Taxpayers filed a Chapter 7 bankruptcy petition on January 28, 2011, and were granted a discharge pursuant to section 727 of Title 11, United States Code, on April 27, 2011.   The case was docketed as Bankruptcy Case No. 11-10098, by the United States Bankruptcy Court for the District of Maine.

13.     The claims for income taxes for the year 2006, plus interest thereon, as set forth in paragraphs 8 through 10, above, were not discharged in the Taxpayers' bankruptcy case because the debts were excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(B)(ii).  The Taxpayers

4

filed their 2006 federal income tax return late on or about December 31, 2009, which was after two years before the date of the filing of the bankruptcy petition.

14.   The claims for income taxes for the years 2007, 2008, and 2009, plus interest thereon, as set forth in paragraphs 8 through 10, above, were not discharged in the Taxpayers' bankruptcy case because the debts were excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(8)(A)(i).   In addition, the penalties related to those claims were excepted from discharge pursuant to 11 U.S.C. § 523(a)(7).   The due date of the federal income tax returns of the Taxpayers for the years 2007, 2008, and 2009, was after three years before the date of the filing of the bankruptcy petition.

**COUNT III**
**To enforce federal tax liens of the United States.**

15.   The allegations of paragraphs 1 through 10, above, are re-alleged and incorporated by reference in this count.

16.   On the following dates, a delegate of the Secretary of the Treasury made assessments against the Taxpayers for unpaid income taxes, penalties, and interest for the following joint income tax years, in the following amounts, which have balances due with accruals and costs as of April 30, 2014, as follows:

5

| Tax Period Ended | Assessment Dates | Assessment Type | Assessment Amounts | Balance Due as of April 30, 2014 |
|---|---|---|---|---|
| 12/31/2002 | 09/15/2003 | Tax | $ 6,678.00 | $ 6,177.03 |
| | 06/12/2006 | Failure to Pay Tax Penalty | $ 652.05 | |
| | 09/15/2003 | Estimated Tax Penalty | $ 42.00 | |
| | 09/15/2003 | Failure to Pay Tax Penalty | $ 72.45 | |
| | 09/15/2003 | Interest | $ 61.38 | |
| 12/31/2003 | 09/13/2004 | Tax | $ 6,600.00 | $ 13,032.39 |
| | 09/13/2004 | Failure to Pay Tax Penalty | $ 165.00 | |
| | 09/13/2004 | Estimated Tax Penalty | $ 170.00 | |
| | 09/13/2004 | Interest | $ 123.76 | |
| | 10/25/2010 | Failure to Pay Tax Penalty | $ 1,485.00 | |
| 12/31/2004 | 10/10/2005 | Tax | $ 3,761.00 | $ 7,145.24 |
| | 10/10/2005 | Failure to Pay Tax Penalty | $ 112.83 | |
| | 10/10/2005 | Estimated Tax Penalty | $ 108.00 | |
| | 10/10/2005 | Interest | $ 112.72 | |
| | 10/25/2010 | Failure to Pay Tax Penalty | $ 827.42 | |

6

| Tax Period Ended | Assessment Dates | Assessment Type | Assessment Amounts | Balance Due as of April 30, 2014 |
|---|---|---|---|---|
| 12/31/2005 | 08/21/2006 08/21/2006 08/21/2006 08/21/2006 10/25/2010 | Tax Failure to Pay Tax Penalty Estimated Tax Penalty Interest Failure to Pay Tax Penalty | $ 10,676.00 $ 266.90 $ 168.00 $ 280.89 $ 2,402.10 | $ 18,953.96 |
| Total | | | | $ 45,308.62 |

17.    On the date of each tax assessment, a delegate of the Secretary of the Treasury of the United States properly issued notice of assessments described in paragraph 16, above, to the Taxpayers, and made demand for payment upon, the Taxpayers.

18.    Despite such notice and demand, the Taxpayers have failed, neglected, or refused to pay the federal income tax liabilities set forth above in full, and, after the application of all abatements, payments, and credits, there is an unpaid balance for the Taxpayers' joint 2002, 2003, 2004 and 2005 federal income tax years in the amount of $45,308.62, plus statutory additions from and after April 30, 2014, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

19.    The Taxpayers filed a Chapter 7 bankruptcy petition on January 28, 2011, and were granted a discharge pursuant to section 727 of Title 11, United States Code on April 27, 2011, 89 days later.  As a result, the statute of limitations for collection of the Taxpayers' 2002 income tax liability was suspended from September 15, 2003, *i.e.*, the assessment date, to June 13, 2012 (89 days, plus six months) pursuant to 26 U.S.C. § 6503(h).

7

20.     A delegate of the Secretary of Treasury filed notices of liens in accordance with 26 U.S.C. §6323(f) for the unpaid federal income tax liabilities of the Taxpayers at the Hancock County Registry of Deeds on the dates as follows:

| Tax Period Ended | Notices of Federal Tax Liens |
|---|---|
| 12/31/2002 | 08/24/2009 and 01/10/2013 |
| 12/31/2003 | 08/24/2009 |
| 12/31/2004 | 08/24/2009 |
| 12/31/2005 | 08/24/2009 |
| 12/31/2006 | 03/22/2010 |
| 12/31/2007 | 03/22/2010 |
| 12/31/2008 | 03/22/2010 |
| 12/31/2009 | 04/30/2010 |

21.     Pursuant to 26 U.S.C. §§ 6321 and 6322, on the dates of the assessments set forth in paragraphs 8 and 16, above, federal tax liens arose in favor of the United States upon all property and rights to property belonging to the Taxpayers, including the Property, and those liens continue until the liens are either satisfied or become unenforceable.

22.     Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens upon the Property, to have that property sold at a judicial sale free and clear of all rights, titles, claims, liens, and interest of the parties, including any rights of redemption, and to have the

8

proceeds distributed, after the payment of the costs of sale and any real estate taxes due and payable under 26 U.S.C. § 6332(b)(6), to the United States and the other parties in accordance with the law.

      **WHEREFORE**, the plaintiff United States of America requests that this Court:

A.    Enter judgment in favor of the plaintiff United States of America and against the defendants Todd A. Hardison and Sue E. Hardison, jointly and severally, for unpaid 2006 through 2009 federal income tax liabilities in the amount of $41,947.07, plus statutory additions and interest according to the law from and after April 30, 2014, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

B.    Enter judgment in favor of the plaintiff United States of America and against the defendants Todd A. Hardison and Sue E. Hardison finding that the judgment debts prayed for above were not discharged in the bankruptcy case of the defendants Todd A. Hardison and Sue E. Hardison, Bankruptcy Case No. 11-10098, by the United States Bankruptcy Court for the District of Maine;

C.    Enforce the United States of America's tax liens for unpaid 2002 through 2009 federal income tax liabilities upon the Property described in this Complaint, and order that said Property shall be sold by a proper officer of this Court according to law, free and clear of all rights, titles, liens, claims, and interests of the parties hereto, including any rights of redemption, and that proceeds of such sale be distributed, after the payment of the costs of sale and local real estate taxes due and owing, to the plaintiff United States of America and to the other parties in accordance with the law; and,

      D.      Award the United States of America its costs and such other and further relief as

is just and proper.

Dated: June 11, 2014                    TAMARA W. ASHFORD
                                 Acting Assistant Attorney General
                                 U.S. Department of Justice, Tax Division


                               */s/ W. Damon Dennis*
                               W. DAMON DENNIS
                               Trial Attorney, Tax Division
                               U.S. Department of Justice
                               P.O. Box 55
                               Ben Franklin Station
                               Washington, D.C. 20044
                               Telephone: (202) 616-1460
                               E-mail: W.DAMON.DENNIS@usdoj.gov

*Local Counsel:*

Thomas E. Delahanty II
United States Attorney
District of Maine